Petition for Writ of
Mandamus Dismissed and Memorandum Opinion filed November 19, 2009.

 

            

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00953-CV

____________

 

IN RE MICHAEL KENNEDY, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On November 12, 2009, relator, Michael Kennedy, filed a
petition for extraordinary relief, which we construe as a petition for writ of
mandamus, in this court. See Tex. Gov’t Code Ann §22.221 (Vernon 2004); see
also Tex. R. App. P. 52.1. In his petition, relator seeks relief against
Chief Justice James T. Worthen and Justices Brian Hoyle and Sam Griffith of the
Twelfth Court of Appeals in Tyler, Texas, concerning the appeal filed under that
court’s case number 12-08-00246-CV, of his criminal conviction in cause number
29326, from the 3rd District Court in Anderson County, Texas.

            This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code. Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to: (1) writs against a district
court judge or county court judge in the court of appeals’ district, and (2)
all writs necessary to enforce the court of appeals’ jurisdiction. Tex. Gov’t
Code Ann. § 22.221 (Vernon 2004). This court has no power to issue an extraordinary
writ against justices of another court of appeals.[1]


            Accordingly, the petition for writ of mandamus is ordered dismissed.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan.









[1] 
 The petition also refers to Danielle Simpson as
another relator. Kennedy, who is not an attorney and is appearing pro se, may
not seek relief on behalf of another party. See, e.g., Tex. Gov't Code
Ann. § 81.101-.102 (Vernon 2005) (defining unauthorized practice of law); Tex.
Pen. Code Ann. § 38.123 (Vernon 2003) (explaining that the unathorized practice
of law is a Class A misdemeanor); Crain v. The Unauthorized Practice of Law
Comm. of the Sup.Ct. of Tex., 11 S.W.3d 328, 332-34 (Tex. App.-—Houston
[1st Dist.] 1999, pet. denied) (explaining that a person who is not a licensed
attorney may not represent other persons in legal matters).